**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

SHANE ASHTON LONIX                                                        PLAINTIFF
ADC #145216

v.                                         4:23-cv-01041-BRW-JJV

MUSSELWHITE, Warden,
Cummins Unit, ADC; *et al.*                                              DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

  The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this

Recommendation.  Objections should be specific and include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  Your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of this

Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

**I.      DISCUSSION**

  Shane Ashton Lonix ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the

Arkansas Division of Correction ("ADC").  In October 2023, he filed a rambling and difficult to

decipher Complaint alleging that, at different times, seven Defendants at a prior Unit violated his

constitutional rights in legally and factually distinct ways.  (Doc. 2.)  On November 15, 2023, I

entered an Order: (1) explaining to Plaintiff his claims were improperly joined under Fed. R.

Civ. P. 20, (2) suggesting how they may be properly joined, (3) pointing out several other

pleading deficiencies, (4) giving him thirty days to file an Amended Complaint containing

properly joined and pled claims, (5) cautioning him that if he did not timely comply with my instructions, I would only screen his first properly joined claims, and (6) admonishing him that some or all of his claims could be dismissed.  (Doc. 7.)  And, importantly, I told Plaintiff all allegations against all defendants must be included in one document, and that I would not consider claims raised in piecemealed notices or addendums.  (*Id*.)  Thereafter, Plaintiff violated my Order by filing two Addendums and Notices making frivolous and incoherent statements. (Docs. 8, 9, 10, 11.)  But he has not filed an Amended Complaint, and the time to do so has expired.  Thus, pursuant to my prior admonitions, I will only screen the first properly joined claims raised in the Complaint.

Plaintiff says that, on October 10, 2022, unnamed individuals gave him a work assignment he is physically unable to perform due to shoulder and knee injuries and possibly denied him adequate medical care for those issues.  (Doc. 2 at 5, 31.)  But Plaintiff has not explained who those individuals were.  As I previously explained to Plaintiff (Doc. 7), because there is no vicarious liability in § 1983 actions, he must provide facts explaining how "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  And, to establish an Eighth Amendment claim, Plaintiff must go one step further and provide facts explaining how each Defendant was subjectively aware of but deliberately indifferent to the alleged constitutional violation.  *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019).  This standard, which is higher than negligence, requires facts suggesting the defendants acted with "reckless disregard of the known risk."  *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). Because the Complaint does not contain this information, Plaintiff has not pled a plausible Eighth Amendment claim.

Finally, I conclude the remaining claims in the Complaint are not properly joined, and thus, should be dismissed without prejudice so that Plaintiff may, if he so chooses, pursue them in separately filed lawsuits. *See* Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (unpublished opinion) (affirming dismissal without prejudice of unrelated claims); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees); *Pierce v. Homecomings Fin., LLC,* No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018) (a *pro se* litigant cannot throw a myriad of claims at the court to "see what sticks").

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. 2) be DISMISSED without prejudice.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting this Recommendation would not be taken in good faith.

DATED this 22nd day of December 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE